No. 32,038

VIOLA HARRISON, *Appellee,* v. SOUTHWESTERN BELL TELEPHONE COMPANY, *Appellant.*

(40 P. 2d 454)

Opinion filed January 26, 1935.

*Arthur S. Brewster,* of Topeka, *Louis R. Gates,* of Kansas City, *S. Lowe Harris* and *John Mohler,* both of Kansas City, Mo., for the appellant.

*David F. Carson* and *H. G. Wierenga,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries sustained when the automobile in which plaintiff was riding was driven into an excavation, made by defendant, in a highway shoulder. Plaintiff recovered, and defendant appeals.

The accident occurred at about 9:30 p. m., July 4, 1932, approximately at the intersection of highway 10 with Twenty-first street in Kansas City. From the intersection, Twenty-first street extends north and south. The direction of the highway is northeasterly and southwesterly. The highway was paved with an eighteen-foot concrete slab. Twenty-first street had recently been paved from the north to the highway. The somewhat pointed piece of

land east of Twenty-first street, and north of the highway, had been rounded, and a concrete slab wing had been put in, making access easy to each thoroughfare from the other. The work was not fully completed when the accident occurred and Twenty-first street north of the highway had not been opened to traffic. The improvement necessitated some changes in defendant's telephone line. A cable was installed under a street railway north of the highway and under the highway pavement. In course of this work an excavation was made north of the highway and east of Twenty-first street. The excavation had not been filled at the time of the accident.

South of the highway Twenty-first street was narrow and was graveled, only. Plaintiff and her husband lived on a small farm south of the highway, reached by Twenty-first street. On the evening in question they approached the intersection on the highway from the east, on the way home, the husband driving the car. To make the left turn south into Twenty-first street the driver turned out to the north, so that the north wheels of the automobile were off the pavement and on the highway shoulder. He proceeded in that manner some thirty feet, when the automobile went into the excavation. The automobile was damaged, and plaintiff was injured.

Contested issues were covered by findings of fact, which read:

"1. Prior to and at the time of the accident and while the right front and right rear wheels of the automobile in which the plaintiff was riding were traveling along the shoulder, state how far north of the northerly edge of highway 10 slab such wheels were traveling. A. About eighteen inches.

"2. State the distance westerly from the east end of the Twenty-first street slab wing to a point opposite the center of Twenty-first street where it enters highway 10 from the south. A. Seventy-one feet.

"3. On the evening of July 4, 1932, at any time prior to the accident were there any (a) coverings, or (b) barricades or lights on or about the hole excavated by defendant? A. (a) No. (b) No.

"4. With reference to the northerly edge of highway 10 slab, state the location of the southerly end of the trench excavated by the defendant and existing on the evening of July 4, 1932. A. About eighteen inches.

"5. Prior to the accident was the driver of the car in which the plaintiff was riding exercising due care when he drove his car off the slab of highway 10 and along on the shoulder for a distance of thirty feet? A. Yes.

"6. Was there a depression or hole not made by defendant near the junction of Twenty-first street slab wing with the pavement on highway 10? A. No.

"7. Did the car in which the plaintiff was riding strike a hole located immediately adjacent to the east end of the Twenty-first street concrete slab wing? A. No.

"8. Did the car in which the plaintiff was riding strike the concrete block near the east end of the Twenty-first street concrete wing? A. No.

"9. Did the plaintiff, Viola Harrison, take any precautions for her own safety immediately prior to the happening of the accident on July 4, 1932? A. Yes."

Defendant moved the court to set aside the first finding, and then to render judgment for defendant on the remaining findings. The motion was based on the contention the first finding was not sustained by any evidence, and was contrary to the only evidence on the subject. The motion was denied.

No witness testified the north wheels of the automobile were eighteen inches north of the slab edge. No witness knew how far the wheels were over on the shoulder, unless it was the automobile driver, and he testified as follows:

"(On direct examination) Q. Can you tell us about where your wheels were? A. Well, my wheels were off the pavement, I would judge to be six or eight inches; not over ten, I'm sure.

. . . . . . . . . . . . . . . . . . . . .

"(On cross-examination) Q. Were the right front wheel and the right rear wheel off the slab for those thirty feet? A. Yes, sir.

"Q. Now, about how far north of the edge of the slab were your right front and rear wheels running? A. Eight or ten inches."

Defendant's construction foreman testified the excavation extended over into the highway shoulder some. Estimates of distance of the excavation from the north edge of the highway slab varied from six inches to four feet. The fourth finding located the southerly end of the excavation at about eighteen inches from the edge of the highway slab. No motion was made to set aside this finding. Whether the findings were well sustained by evidence or not, for purposes of this appeal the southerly end of the excavation was about eighteen inches from the north edge of the highway slab.

To get into the excavation it was necessary the wheels of the automobile should have been about eighteen inches north of the slab. This was contrary to the positive testimony of the driver that the wheels were not more than ten inches from the slab. How can this testimony be reconciled with finding 1? The answer is, the testimony and the finding are not reconcilable. That being true, what sustains finding 1?

There was no dispute that an accident occurred. The accident was not caused by driving into an excavation other than the one made by defendant. (Findings 6 and 7.) The accident was not

caused by collision with a concrete block. (Finding 8.) There was no dispute that defendant's unfilled excavation existed near the highway, and it was not lighted or barricaded. (Finding 3.) The evidence was, the accident was caused by driving into an excavation from which the driver backed out, turned to the left, and drove home. These facts, which excluded cause of accident except defendant's excavation, simply overcame the driver's estimate of distance of wheels from slab.

There is nothing which fails more in exactness, precision and sharply defined accuracy than testimony of witnesses regarding time, speed, and what is important here, distance. The driver of the automobile was driving at night, by light of the headlights of his car. The condition of the atmosphere, as he described it, was not conducive to visibility. There was considerable traffic on the highway. He was meeting approaching cars, and cars were passing him. Just before the accident, his wife called attention to an approaching street car on the railway track at the side of the highway. He was preparing to cut traffic on the highway by a left turn. Therefore the court and jury were authorized to conclude that no matter what he believed, he could not tell just how many inches, measured by foot rule, he was off the pavement.

The jury awarded plaintiff $3,000, a sum which defendant contends was excessive. It is said the jury did not deal fairly with the evidence as shown by findings 1 and 4. The place to complain of finding 4 was in the district court, and finding 1 is not vitiated by the fact it did not accord with a portion of the testimony. The verdict was for the amount prayed for in the petition. This occurred in a case in which the trial court required a remittitur of $25,000 as a condition to denial of motion for a new trial. (*A. T. & S. F. Rld. Co. v. Cone,* 37 Kan. 567.) The decision did not establish a rule that whenever the verdict is for the amount prayed for, the verdict was returned under a misconception of duty, or because of passion and prejudice. Plaintiff's injuries are discussed, and observations of the trial court, made when the motion for new trial was denied, are referred to. The court, however, declared it could not say from the evidence the verdict was excessive. It is not the province of this court to assess damages. All it can do is to correct errors in assessment of damages which seem to it to be manifestly egregious. The court is not able to say such an error was committed in this case.

The judgment of the district court is affirmed.